United States District Court
Southern District of Texas
**ENTERED**
September 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERVIN CABLE CONSTRUCTION, LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-4477 |
| § | |
| LIBERTY MUTUAL INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand. (Dkt. 9) After careful consideration of the pleadings, the motion and response, the entire record, the parties' submissions, and the applicable law, the Court **DENIES** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an insurance coverage dispute. The underlying case from which the coverage lawsuit arose is a personal injury lawsuit filed by Martin Villareal ("Villareal") against Plaintiff Ervin Cable Construction, LLC ("Ervin Cable") and other parties in Texas state court. *See* Cause Number 2019-48050 in the 151st Judicial District of Harris County, Texas. Villareal, an employee of CenterPoint Energy Resources Corp., alleges in his state-court lawsuit that he was "seriously and permanently injured" in an explosion that occurred while he was trying to repair a gas line that Ervin Cable and three other companies had damaged while installing underground fiberoptic cable. *See* Cause Number 2019-48050 in the 151st Judicial District of Harris County, Texas at first amended petition, page 4. In his state-court lawsuit, Villareal seeks "monetary relief over

$1,000,000." *See* Cause Number 2019-48050 in the 151st Judicial District of Harris County, Texas at first amended petition, page 9.

Ervin Cable contends that it is an additional insured on the liability insurance policy of Quality Construction & Production, LLC ("Quality Construction"), one of its co-defendants in Villareal's lawsuit. (Dkt. 1-2 at p. 7) Quality Construction's policy was issued by the defendant here, Liberty Mutual Insurance Company ("Liberty Mutual"). (Dkt. 1-2 at p. 7) Ervin Cable tendered two demands to Liberty Mutual for defense and indemnity against Villareal's lawsuit (Dkt. 1-2 at pp. 36–38, 75–76), and Ervin Cable alleges that Liberty Mutual "wrongfully disclaimed and denied its obligation for such coverage, defense, or indemnification against bodily injury claims asserted by Martin Villareal." (Dkt. 1-2 at p. 8) In this lawsuit, Ervin Cable seeks: (1) damages under a breach-of-contract theory in the amount of incurred attorney's fees and defense costs; (2) a judicial declaration that Ervin Cable is an additional insured under Quality Construction's liability insurance policy; and (3) a judicial declaration that Liberty Mutual owes a duty to defend Ervin Cable against Villareal's lawsuit. (Dkt. 1-2 at pp. 8–11)

Ervin Cable originally filed this lawsuit in Texas state court. Liberty Mutual removed the case to this Court under the diversity jurisdiction statute, 28 U.S.C. § 1332. (Dkt. 1) Ervin Cable filed this motion to remand. The parties disagree only on the question of whether the amount-in-controversy requirement is met.

## ANALYSIS

### Diversity Jurisdiction

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have "original jurisdiction." 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party therefore bears the burden of establishing by a preponderance of the evidence that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

   A. *Amount in Controversy*

A defendant meets its burden of establishing the requisite amount in controversy for diversity jurisdiction if: "(1) it is apparent from the face of the petition that the claims exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. Once a defendant meets its burden, "removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

   "[I]n declaratory judgment cases that involve the applicability of an insurance

policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim[.]" *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (quotation marks omitted). On the other hand, if the declaratory judgment action goes to the validity of the entire contract between the parties, "the policy limits will establish the amount in controversy." *Id*. Here, by either measure, the amount-in-controversy requirement is met.

If this case is classified as one involving the applicability of an insurance policy to a particular occurrence,[1] then the value of the underlying claim is the amount that Villareal seeks to recover in his lawsuit. *Id*. at 911–12; *see also Dewey Bellows Operating Company, Ltd. v. Admiral Insurance Company*, No. 6:14-CV-42, 2014 WL 12599400, at *1 (S.D. Tex. Sept. 3, 2014); *Lyndon Southern Insurance Company v. Reveles*, No. 1:18-CV-175, 2019 WL 2601818, at *1–2 (S.D. Tex. Feb. 11, 2019). The Court can ascertain the value of the underlying claim by looking to Villareal's state-court pleading. *Dewey Bellows*, 2014 WL 12599400, at *1. "The test is whether it is more likely than not that the amount of the claim will exceed $75,000.00." *Id*. (quotation marks omitted) (citing *St. Paul Reinsurance Company v. Greenberg*, 134 F.3d 1250, 1254 n.13 (5th Cir. 1998)); *see also Hartford*, 293 F.3d at 911–12 ("[T]he value of the right to be protected is the [insurer's] potential liability under the policy, plus potential attorneys' fees, penalties, statutory damages and punitive damages.") (quotation marks omitted).

In his state-court pleading, Villareal specifically pleads that he seeks "monetary relief over $1,000,000." *See* Cause Number 2019-48050 in the 151st Judicial District of

---

[1] This is how Liberty Mutual frames the issue. (Dkt. 17 at p. 7)

Harris County, Texas at first amended petition, page 9. Moreover, Villareal claims that he "suffered severe bodily injuries" in the pipeline explosion and seeks, among other things, past and future damages for pain and suffering, mental anguish, disfigurement, physical impairment, lost earning capacity, and medical treatment. *See* Cause Number 2019-48050 in the 151st Judicial District of Harris County, Texas at first amended petition, page 8. Villareal pleads that he "has suffered great physical and mental pain, suffering and anguish" and that "in all reasonable probability he will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life." *See* Cause Number 2019-48050 in the 151st Judicial District of Harris County, Texas at first amended petition, page 8. Villareal also seeks to hold Ervin Cable and its co-defendants jointly and severally liable. *See* Cause Number 2019-48050 in the 151st Judicial District of Harris County, Texas at first amended petition, pages 4–8. Under these circumstances, it is facially apparent from Villareal's state-court pleading that Liberty Mutual's potential liability to Ervin Cable under the relevant insurance policy is greater than $75,000. *Cf. Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (concluding that, even in the absence of a numerical value of claimed damages, it was facially apparent that the plaintiff's claimed damages in a slip-and-fall lawsuit exceeded $75,000 when the plaintiff alleged wrist, knee, and back injuries and sought damages for medical expenses; pain and suffering; mental anguish; loss of enjoyment of life; loss of wages and earning capacity; and permanent disability and disfigurement). Accordingly, the amount-in-controversy requirement is met. *Dewey Bellows*, 2014 WL 12599400, at *1 (concluding that the amount-in-controversy requirement in a coverage dispute was met when it was

facially apparent that the amount sought in the state-court lawsuit from which the coverage dispute arose exceeded $75,000); *see also Hartford*, 293 F.3d at 911–12.

This case can also be characterized as one in which the very existence of any enforceable contractual obligation is at issue. Ervin Cable was not originally a named insured on the insurance policy issued by Liberty Mutual, and in its state-court answer Liberty Mutual generally denied all of Ervin Cable's allegations (necessarily including Ervin Cable's allegation that it is an additional insured under the relevant policy) and asserted as an affirmative defense that "[Ervin Cable's] claim for coverage as an additional insured is barred by § 151.104 of the Texas Insurance Code."[2] (Dkt. 1-2 at pp. 98–99) As previously mentioned, when a declaratory judgment action involving insurance coverage goes to the validity of the entire contract between the parties, "the policy limits will establish the amount in controversy." *Hartford*, 293 F.3d at 911. Here, Ervin Cable's own state-court pleading, to which Ervin Cable attached its demand letters to Liberty Mutual and a certificate of insurance allegedly provided by Quality Construction, establishes that the policy limits of Quality Construction's liability policy were "$1,000,000 each occurrence and $2,000,000 general aggregate." (Dkt. 1-2 at pp. 7, 38, 97)

Under either one of the possibly applicable standards for determining the amount

---

[2] Section 151.104 of the Texas Insurance Code is part of the Texas Anti-Indemnity Statute, which "makes indemnity agreements and similar liability-shifting agreements void under certain circumstances." *Maxim Crane Works, L.P. v. Zurich American Insurance Company*, 392 F. Supp. 3d 731, 739 (S.D. Tex. 2019). "The Texas Anti-Indemnity Statute applies to a construction contract for a construction project in which an indemnitor gives or procures insurance." *Id.* (quotation marks omitted).

in controversy in this case, it is apparent from the face of the relevant pleadings that the amount-in-controversy requirement is met. *Id*. at 911–12. Accordingly, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332.

### *B. Ervin Cable's post-removal stipulation*

Ervin Cable attached a stipulation to its motion to remand purporting to establish that the amount in controversy in this case is below the jurisdictional minimum. (Dkt. 9-1) In light of the relevant state-court pleadings and their attachments, the Court will not consider Ervin Cable's stipulation. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883. As a result, "[t]he Court's discretion in considering post-removal filings, such as the offered stipulation, is actuated only if the amount in controversy is shrouded in ambiguity, such that it is not facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal." *Friedrichs v. Geovera Specialty Insurance Company*, No. 7:12-CV-392, 2013 WL 674021, at *3 (S.D. Tex. Feb. 22, 2013) (quotation marks omitted). Here, it is facially apparent from Ervin Cable's pleadings and Villareal's pleadings that the amount in controversy exceeded $75,000 at the time of removal. Accordingly, the Court finds that Ervin Cable's stipulation does not require remand. *Id*. at *3–4; *see also Gebbia*, 233 F.3d at 883.

## CONCLUSION

The Court finds that Liberty Mutual has carried its burden to establish that federal jurisdiction exists in this case and that removal was proper. The Court has diversity jurisdiction over this action and the motion to remand (Dkt. 9) is **DENIED.**

SIGNED at Houston, Texas, this 2nd day of September, 2020.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE